## No. 51.

### HENRY DENEGRE *v.* GEO. M. BAYLY, JR.

1. As a matter of pleading there is a distinction between the pleas of a want of consideration and a failure of consideration; the latter necessarily admits the original existence of a consideration, and in all cases involves an assumption of the burden of proof.

2. In cases where the evidence is doubtful, or the testimony conflicting, the Court will not readily disturb the finding of the jury and of the judge below.

*Appeal from the Fourth District Court. Houston, Judge.*

*George Denegre* for plaintiff.

*Kennard, Howe & Prentiss* for defendant.

ROGERS, J.—This is an action on a promissory note for $943 $\frac{19}{100}$, stipulating on its face that it was given for value received.

The defence is a failure of the consideration. We do not consider the plea of general issue, because waived by the plea of failure of consideration.

An obligation, such as the one upon which this suit is based, establishes *prima facie* an indebtedness and promise to pay,

and its execution can be defeated only by the obligor establishing special reasons in defence. There is a distinction between a plea of want of consideration and a failure of consideration, for the latter admits that at the execution of the instrument a consideration did exist. It has been wisely held that when suspicious circumstances have been developed and a cloud cast upon the consideration, the court should require full proof in support of a plaintiff's demand; but the rule is not the same when a party seeks to avoid an obligation which he once admitted was valid, but for some reason subsequent has become extinguished; that this distinction is obviously in the interest of good morals cannot be denied.

There is some conflict in the evidence before us in the record, arising from the position of the contesting parties as to the fact whether the promise given by plaintiffs were to *vote for a composition in bankruptcy, or not to oppose a composition*. The jury who tried the case, and the learned judge who presided and refused a new trial, were of opinion that the facts favored the claim of plaintiffs. After examining the evidence submitted, we do not feel at liberty to disregard the verdict and the judgment rendered thereon. The jurisprudence of this State is well settled, that great weight will be given to the verdict of a jury on questions of fact, unless manifestly erroneous and unsatisfactory, particularly when confirmed by the judge presiding at the trial, who has seen and heard the witnesses.

Judgment affirmed.

Rehearing refused.